## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THOMAS MELADY** | * | CIVIL ACTION NO.: |
| **21-1529** | | |
| | * | |
| | * | |
| | * | |
| **Versus** | * | **JUDGE:** |
| | * | |
| | * | |
| | * | **MAGISTRATE:** |
| **RAY BRANDT INFINITI OF METAIRIE,** | * | |
| **LLC & RAY BRANDT AUTO GROUP, LLC** | * | |

*******************************************************************************

## COMPLAINT

**NOW COMES**, through undersigned counsel, comes Plaintiff, Thomas Melady, who respectfully submits this Complaint against Defendants, Ray Brandt Infiniti of Metairie, LLC and Ray Brandt Auto Group, LLC (collectively hereinafter referred to as "Defendants" or "Brandt"), and avers as follow:

## PARTIES

1.

Plaintiff, Thomas Melady (hereinafter "Melady" or "Plaintiff") is a person of the full age of majority and domiciled in the Parish of St. Charles, State of Louisiana.

2.

Made Defendants are:

    a) Ray Brandt Infiniti of Metairie, LLC, a Louisiana limited liability company with a domicile address in the Parish of Jefferson, State of Louisiana, and whose

members are, upon information, investigation, and belief, are domiciled in the Parishes of Jefferson and Orleans.

b) Ray Brandt Auto Group, LLC, a Louisiana limited liability company with a domicile address in the Parish of Jefferson, State of Louisiana, and whose member is, upon information and belief, domiciled in the Parish of Jefferson.

## JURISDICTION & VENUE

3.

This Court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law. Additionally, the Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper in the Easter District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

## FACTS

4.

Thoams Melady began his employment for Brandt in 2012, with his most recent position being the Executive General Manager. His last position with Brandt was at the Infiniti store where he was employed as a General Sales Manager until his termination in March 2020.

5.

Thomas's brother, Michael Melady, was employed as at the Infiniti store as well until his own termination in March 2020.

6.

Both Michael and Thomas are white males.

7.

Upon information and belief, Todd Dempster, was the Chief Operating Officer of Brandt across its numerous dealerships throughout the Gulf South.

8.

Mr. Dempster, upon information, investigation, and belief terminated both Michael and Thomas because of their race.

9.

Thomas was replaced in his position with a non-white male.

10.

Upon information, investigation, and belief, Mr. Dempster favored non-white employees over those of white employees.

## TITLE VII, LEDL, and 42 U.S.C. § 1981

11.

All foregoing allegations are incorporated herein by reference.

12.

Title VII of the Civil Rights Act of 1964 and 1991 and Louisiana Employment Discrimination Law make it unlawful to discriminate against an individual on the basis of race. See 42 U.S.C. § 2000e-2(a); La. Rev. Stat. § 23:301, *et seq*.

13.

Defendants are engaged in an industry affecting commerce, and each employ more than 15 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year, and all are therefore an "employer" for purposes of the Title VII. 42 U.S.C. § 2000e, *et seq*.

14.

Thomas Melady was an employee for purposes of Title VII and 42 U.S.C. § 1981 and was discriminated against because of his race—white..

15.

An employment relationship existed between Thomas Melady and the above listed Defendants.

16.

Ray Brandt Infiniti of Metairie most recently issued Plaintiff his W-2.

17.

Thomas Melady was ultimately terminated by Todd Dempster, a Brandt employee and Chief Operating Officer of Ray Brandt Auto Group overseeing the various dealerships (approximately 14) within the organization.

18.

Thomas Melady was qualified for his position as Executive General Manager from his experience and ran one of the most profitable dealerships among the Brandt enterprise.

19.

After Ray Brandt, the principal of the Ray Brandt Auto Group, died, Michael and his brother Thomas were terminated relatively soon thereafter by Todd Dempster.  Thomas Melady was ultimately terminated from his position because of his race, and replaced with a non-white employee.

20.

Similarly situated individuals, who were African American or non-white, were treated more favorably under similar identical circumstances, as multiple employees have experienced and/or witnessed Mr. Dempster's racial animus.

**Breach of Contract/Title VII/42 U.S.C. § 1981**

21.

Plaintiff incorporates all foregoing allegations by reference.

22.

Thomas Melady also was supposed to earn 5% of net profit of the dealership in addition to his base salary; however, he was not paid these amounts until January 2020.

23.

He was never paid back pay for the amounts he was not paid, despite the fact that other managers similarly situated were paid 5% net profit.

24.

Upon information and belief, this was due to Thomas Melady being white and not favored Todd Dempster within the Brandt organization.

25.

Defendant's actions against Plaintiff were done with malice and/or with reckless disregard for Plaintiff's federally protected rights.

26.

Plaintiff is entitled to damages from Defendants for breach of contract, under Title VII and 42 U.S.C. § 1981, including:

    a.      back pay, including wages and salary, overtime, and benefits;

    b.      reinstatement, or front pay;

c.     non-economic and other compensatory damages, including physical pain and suffering and mental anguish;

d.     past and future medical expenses;

e.     punitive damages;

f.     pre-judgment interest;

g.     Costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, as follows:

a.  Back pay, including wages and salary, overtime, and benefits;

b.  Reinstatement, or front pay;

c.  Other compensatory damages including those for emotional and physical injuries;

d.  Medical expenses past and future;

e.  Lost wages, past and future;

f.  Pre-judgment interest;

g.  Punitive damages;

h.  Attorney's fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**

*/s/ Ravi Sangisetty*
Ravi K. Sangisetty, BAR NO. 30709
3914 Canal Street
New Orleans, Louisiana 70119

Telephone:    504-662-1016
Facsimile:    504-662-1318
rks@sangisettylaw.com
ATTORNEYS FOR PLAINTIFF

****SERVICE TO BE ACCOMPLISHED VIA WAIVER***********